[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-1924

LUIS A. LOPEZ,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]
[Hon. Aida M. Delgado-Colón, U.S. Magistrate Judge]

---

Before

Selya, Boudin and Lynch,
Circuit Judges.

---

Fabio A. Roman Garcia on brief for appellant.
Guillermo Gil, United States Attorney, Lilliam Mendoza Toro, Assistant United States Attorney, and Joseph Dunn, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

---

April 19, 2001

---

**Per Curiam**. Claimant Luis A. Lopez appeals from the judgment of the district court which upheld the decision of the Commissioner of Social Security that claimant was not entitled to disability benefits.  After carefully reviewing the record and the briefs, we affirm the district court's judgment for essentially the reasons stated in the Opinion and Order of the magistrate judge.  We add only the following comments.

First, the administrative law judge (ALJ) was not required to have consulted the Dictionary of Occupational Titles (D.O.T.) to ascertain the demands of claimant's past work as a programmer-analyst at the Puerto Rico Electric Power Authority.  As we have stated, an ALJ usually "is entitled to rely upon claimant's own description of the duties involved in [his] former job." Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991) (per curiam).  Only when the ALJ is "alerted by the record to the presence of an issue" must the ALJ further develop the record.  Id. (emphasis omitted).  However, claimant points to nothing here which should have alerted the ALJ to the need to consult outside sources such as the D.O.T.

In this regard, we note that the portions of the record to which claimant refers in support of the assertion that he supervised others at the Power Authority do not show

that such a duty, in fact, was a part of his prior job. Further, and assuming that some contact with others was required, claimant completely fails to identify anything in the record which even remotely suggests that such contact occurred frequently. In this context, it is significant that claimant nowhere stated that frequent contact with others was a reason he could not perform his prior job as a programmer-analyst. We think it fair to assume that if frequent contact was, in fact, required and if claimant could not tolerate such contact, claimant would have mentioned it somewhere. The ALJ's conclusion that claimant could perform his past work therefore is supported by substantial evidence.

The judgment of the district court is affirmed.